IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN RIVERA, 913671, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:13-CV-1288-D |
| ) | |
| WILLIAM STEPHENS, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|     Respondent. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**Type of Case**

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is William Stephens, Director of the TDCJ-CID.

**Statement of the Case**

Petitioner was convicted of aggravated sexual assault of a child. *State of Texas v. Rivera*, No. F-9936861-S (282nd Dist. Ct., Dallas County, Tex. Mar. 3, 2000). He was sentenced to twenty years in prison and did not file a direct appeal.

On August 28, 2001, Petitioner filed a federal § 2254 petition challenging his conviction. *See Rivera v. Dretke*, No. 3:01-CV-1696-G (N.D. Tex.). On September 30, 2003, the District Court denied the petition on the merits. On July 2, 2004, the Fifth Circuit denied a certificate of appealability.

In his current petition, Petitioner does not challenge his conviction. Instead, he argues (1) his good time should be applied to reduce the length of his sentence, and (2) he has a liberty interest in obtaining parole.

On July 10, 2013, Respondent filed his answer. Petitioner did not file a reply.

**Discussion**

**1.      Successive**

Respondent argues the petition is second or successive, and therefore the Court lacks jurisdiction to consider the petition. "A petition is not second or successive merely because it follows an earlier federal application." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). It is successive when it either presents a challenge to the petitioner's conviction or sentenced that could have been raised in an earlier petition, or when it is an "abuse of the writ." *Id*. at 836-37. To determine whether a petition is second or successive, the court analyzes whether the challenge he presents in a second habeas petition occurred before petitioner filed his first habeas petition. *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009).

In this case, Petitioner filed his first § 2254 on August 28, 2001. At that time, he had served approximately one and a half years of his sentence. (Resp. Ex. A.) Therefore, in his first petition, he could have raised the claim that his good time credits were not being applied to shorten his sentence, but were only applied to his eligibility for parole. Likewise, he could have

raised the claim that he has liberty interest in obtaining parole.  The petition is therefore successive.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.  *See* 28 U.S.C. § 2244(b)(2).  Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

**2.     Statute of Limitations**

In the alternative, the petition is barred by the statute of limitations.  Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1] In this case, however, even if the Court applies the factual predicate date under § 2244(d)(1)(D), the petition is untimely.

As stated above, at the time Petitioner filed his first § 2254 petition on August 28, 2001, he either knew or could have know of his current claims. His petition was then due within one year, or on August 28, 2002.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner, however, did not have any state habeas petitions pending

---

The statute provides that the limitations period shall run from the latest of--

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**            -4-

between August 28, 2001 and August 28, 2002.  His petition was therefore due by August 28, 2002.  He did not file the instant petition until March 4, 2013.  Consequently, his petition is untimely.

**3.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling.  Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**<u>RECOMMENDATION:</u>**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be (1) TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re*

*Epps*, 127 F.3d 364, 365 (5th Cir. 1997); and (2) in the alternative be dismissed as barred by limitations.

      Signed this 13th day of February, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).